**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

SHIRLEY SAENZ, individually, and as parent and
natural guardian of the infant
FORREST JAMES SAENZ-RICHARDSON and
ELI SAMUEL FIGUEROA AKA ELI SAMUEL,
                                        Plaintiffs,

        vs.

CITY OF NEW YORK; POLICE COMMISSIONER RAYMOND
KELLY, and as a Detective with the New York City Police Department
DONNA MARIE MAZZA, individually, and as a Detective with the
New York City Police Department; CHRISTOPHER KAROLKOWSKI,
individually, and as a Detective with the New York City Police
Department; TODD NAGROWSKI, individually, and as a Detective
with the New York City Police Department; sergeant "JOHN"
BARTOLA, DEBORAH R. HAWKINS, individually, and as a
Detective with the New York City Police Department; "JOHN"
TAYLOR, individually, and as a Detective with the New York City
Police Department; DONNA BARTOLDUS, individually, and as a
Detective with the New York City Police Department; JOSEPH
FAILLA, individually, and as a Detective with the New York City Police
Department; "JANE" KELLEY, individually, and as a Detective with
the New York City Police Department; RICHARD ROE; "JOHN"
SPENCER, individually, and as a Detective with the New York City
Police Department all of the 72nd Precinct; ""JOHN" ORTIZ,
individually, and as a Liuetenant with the New York City Police
Department; "JANE" CALABRO, individually, and as a Police Officer
with the New York City Police Department at the 68th Precinct; JOHN
WALKER, individually, and as caseworker of ACS; THOMAS
DUNBAR, individually, and as manager of ACS; DUWAYNE BOYCE,
individually, and as supervisor of ACS; HOWARD JOLSON,
individually, and as supervisor of ACS; CARLA LAWRENCE,
individually, and as supervisor of ACS; VILMA SMITH

                                    Defendants.
------------------------------------------------------------------------

CV11 - 3160

2011 Civ.
COMPLAINT

WEINSTEIN, J.

POLLAK, M.J

       Now comes the SHIRLEY SAENZ, individually, and as parent and

natural guardian of the infant FORREST JAMES SAENZ-RICHARDSON and

ELI SAMUEL FIGUEROA AKA ELI SAMUEL, by her attorney Bruce A. Young, Esq., and

files this Complaint against the Defendants in their individual and official capacity and

thereby respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff also appends state statutory and common law claims.

2. Plaintiffs bring these claims under laws of the United States and for violation of their rights, including unlawful arrest, unreasonable seizure of her person, false imprisonment, malicious prosecution, illegal detention and delay in arraignment and procedural due process violation from the illegal removal of her child from her care, substantive due violation from the removal from her care, common law torts of false arrest, false imprisonment and malicious prosecution, and negligence of the police officers.

## II. JURISDICTION

3. Jurisdiction is conferred on this court by 28 U.S.C. 1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. 1983. Jurisdiction is also conferred on this court by 28 U.S.C. 1331(a) because the case arises under the Constitution and the laws of the United States. Pursuant to 28 U.S.C. 1367, this court has pendent jurisdiction over Plaintiff's state law claims.

## III. PARTIES

4. Plaintiff SHIRLEY SAENZ, at all times mentioned herein, is a resident of the City of New York , County of Kings, Borough of Brooklyn.

5. FOREST JAMES SAENZ-RICHARDSON, infant by parent and natural guardian Plaintiff SHIRLEY SAENZ, at all times mentioned herein, is a resident of the City of New York, County of Kings, Borough of Brooklyn.

6. ELI SAMUEL FIGUEROA AKA ELI SAMUEL, at all times mentioned herein, is a resident of the City of New York, County of New York.

7. Defendant CITY OF NEW YORK, at all times mentioned herein, is a Municipality of the State of New York, 100 Church Street, New York, New York 100.

2

8.  Defendant DONNA MARIE MAZDA, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

9.  Defendant CHRISTOPHER KAROLKOWSKI, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

10.  Defendant TODD NAGROWSKY, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

11.  Defendant "JOHN" BARTOLA , at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the One Police Plaza, New York, New York, 10007.

12.  Defendant DEBRA R. HAWKINS, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at 45 Nevins Street, Brooklyn, New York.

13.  Defendant "JOHN" TAYLOR, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 45 Nevins Street, Brooklyn, New York.

14.  Defendant DONNA BARTOLDUS, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

15.  Defendant JOSEPH  FAILLA, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the One Police Plaza, New York, New York, 10007.

3

16.  Defendant "JANE" KELLY, at all times mentioned herein, is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

17.  Defendant RICHARD ROE, at all times mentioned herein,  is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232.

18.  Defendant "JOHN" SPENCER, at all times mentioned herein,  is sued individually, and as a Detective with the New York City Police Department stationed at the 72nd Precinct, 830 4th Avenue, Brooklyn, New York, 11232..

19.  Defendant JOHN WALKER, at all times mentioned herein, is sued individually, and as a caseworker of ACS 150 William Street, New York, NY 10038.

20.  Defendant THOMAS DUNBAR, at all times mentioned herein, is sued individually, and as manager of ACS 150 William Street, New York, NY 10038.

21.  Defendant DUWAYNE BOYCE, at all times mentioned herein, is sued individually, and as supervisor of ACS 150 William Street, New York, NY 10038.

22.  Defendant HOWARD JOLSON, at all times mentioned herein, is sued individually, and as supervisor of ACS 150 William Street, New York, NY 10038.

23.  Defendant CARLA LAWRENCE, at all times mentioned herein, is sued individually, and as supervisor of ACS 150 William Street, New York, NY 10038.

24.  Defendant  VILMA SMITH, at all times mentioned herein, is sued individually, and as supervisor of ACS 150 William Street, New York, NY 10038.

## DAMAGES

25. Plaintiff SHIRLEY SAENZ's civil rights were violated. Plaintiff was unlawfully detained, unlawfully arrested without probable cause and prevented from returning to her home to care for her child. Plaintiff SHIRLEY SAENZ then suffered the injury of having her child taken from her physical care and was prevented the opportunity to provide supervisory care suffered severe mental anguish, fear, depression, loss of companionship, extreme psychological injuries, pain and suffering, terror, custodial interference, violation of civil and state rights.

26. Because of the aforesaid violations of law and violations of Plaintiff SHIRLEY SAENZ' civil rights and common law rights, SHIRLEY SAENZ was caused to suffer damages and violations of her civil rights and personal injuries including: physical injury, mental anguish, terror, pain, suffering, anxiety, fear, depression, sleeplessness, nightmares, shock necessitating treatment, which resulted in immediate and future pain and suffering.

27. By reason of the foregoing, the infant Plaintiff FORREST SAENZ RICHARDSON suffered temporary loss of his relationship with his mother, physical neglect, extreme fear and terror, pain and suffering, physical injuries, and violations of his rights under the First, Fourth, Fifth and Fourteen Amendments.

28. Accordingly, the Plaintiff SHIRLEY SAENZ and the infant Plaintiff have EACH been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00.00).

29. Plaintiff ELI SAMUEL FIGUEROA's civil rights were violated. Plaintiff was falsely arrested, unlawfully detained, without probable cause. Plaintiff ELI SAMUEL FIGUEROA then suffered the injury of having her child taken from her physical care and was prevented the opportunity to provide supervisory care suffered severe mental anguish, fear, depression, loss of companionship and services of his children, extreme psychological injuries,

5

pain and suffering, terror, custodial interference, violation of civil rights and violation of statutory rights.

30. Because of the aforesaid violations of law and violations of Plaintiff ELI SAMUEL FIGUEROA 's civil rights and common law rights, ELI SAMUEL FIGUEROA was caused to suffer damages and violations of her civil rights and personal injuries including: serious physical injury, assault, battery, serious personal injuries, mental anguish, terror, pain, suffering, anxiety, fear, depression, sleeplessness, nightmares, shock necessitating medical treatment, including hospitalization and medication, which resulted in immediate and future pain and suffering.

NOTICE OF CLAIM

31. Plaintiffs, in furtherance of their state law causes of action, filed timely Notice of Claim against the CITY OF NEW YORK in compliance with General Municipal Law, Section 50. More than thirty days have elapsed since service of said notice and the Defendant CITY OF NEW YORK has not paid or adjusted the claim. The CITY OF NEW YORK did not demand a 50-H examination of any of the Plaintiffs in advance of commencing this lawsuit.

32. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

6

## CLAIMS INVOLVING SHIRLEY SAENZ INDIVIDUALLY CLAIMS #1 THROUGH #10

### FIRST CLAIM: FALSE ARREST

33. Paragraphs 1 through 32   are realleged and incorporated by reference herein.

34. By their conduct, Defendants, acting under color of state law, deprived Plaintiff SHIRLEY SAENZ from her right to be free from false arrest, unlawful imprisonment, unlawful search of her home, and unlawful seizure of her person and her child when on or about June 30, 2010, SHIRLEY SAENZ was arrested by Defendants.

35. Defendants' actions caused the violation of Plaintiff's rights under the U.S. Constitution and under federal and state law and resulted in the damage claims set forth above.

36. Plaintiff SHIRLEY SAENZ claims damages for the injuries as set forth above.

### SECOND CLAIM: UNLAWFUL IMPRISONMENT

37 Paragraphs 1 through 36    are realleged and incorporated by reference herein.

38 That SHIRLEY SAENZ was unlawfully detained between approximately 11:30 p.m. on June 30, 2010 until approximately 11:30 a.m. on July 1, 2010, and was confined and was not free to leave.  The unlawful imprisonment was without probable cause and was an unreasonable seizure based as an inadequate investigation.

39 The acts and/or omissions of the Defendants caused the unlawful confinement and/or restraint and prevented the Plaintiff from being free to return to her home or retain the care of her child.

### THIRD CLAIM: VIOLATION OF 4TH AMENDMENT – ILLEGAL SEIZURE

40. Paragraphs 1 through 39    are realleged and incorporated by reference herein.

41. The Plaintiff SHIRLEY SAENZ had a constitutional right to be free from unlawful searches or seizures of her home or person. Plaintiff's rights were violated, without probable

7

cause, by the Defendants in violation of her Constitutional rights when her home was unlawfully searched without a warrant and without probable cause and without exigent circumstances and was calculated and intended to deprive her of her rights and resulted thereafter in the unlawful seizure of the Plaintiff's person and continuing unlawful imprisonment in violation of her U.S. Constitutional rights under the Fourth Amendment.

FOURTH CLAIM: CUSTODIAL INTERFERENCE

42. Paragraphs 1 through 41  are realleged and incorporated by reference herein.

43. During June 30, 2010 and the early morning of July 1, 2010 and continuing thereafter, the actions and or omission of all of the Defendants caused the custodial interference of Plaintiff to maintain legal and physical custody of her son, the Infant Plaintiff herein in violation of her rights with the damages continuing.

44. These unlawful acts were caused by the acts and/or omissions of the Defendants complained of herein.

FIFTH CLAIM: RETALIATION - HAWKINS

45 Paragraphs 1 through 44   are realleged and incorporated by reference herein.

46. Defendant DEBORAH HAWKINS violated Plaintiff SHIRLEY SAENZ's rights when after Plaintiff brought a complaint against her with the New York City Police Department Internal Affairs, DEBORAH HAWKINS, in retaliation of Plaintiff's rights to redress the injuries to her and complain of municipal employees in their failure and obligations to the public, retaliated by shaping and curtailing the relevant information and preventing a proper investigation from occurring and directing various police officers and ACS workers to take unlawful steps that were injurious to her custody of her child and personal well being causing the injuries complained of.

8

## SIXTH CLAIM: PROCEDURAL DUE PROCESS

47. Paragraphs 1 through  46  are realleged and incorporated by reference herein.

Violated procedural due process by withholding the Plaintiffs and never filing charges in the Criminal Court and then holding conferences and holding court hearings on July 1, 2010 and July 2, 2010 and thereafter without notice to the Plaintiff that prevented Plaintiff from obtaining a prompt post deprivation remedy after the unlawful violation of removing her child from her and causing the unnecessary removal of the child who could have been cared for by the mother and/or the long term child care provider or roommate while the case was even being investigated and unlawfully turned over the child to the father whose custody was being challenged in the courts.

48. The acts and/or omissions of the Defendants caused these unnecessary actions.

## SEVENTH CLAIM: FIRST AMENDMENT – RIGHT TO ASSOCIATION

49. Paragraphs 1 through 48   are realleged and incorporated by reference herein.

50. Plaintiff SHIRLEY SAENZ's right to associate with the Infant Plaintiff herein was violated when the child was unnecessarily removed from her care and control and custody on July 1, 2010 at approximately 1:00 a.m.and has not yet been returned with the damages continuing.


## EIGHTH CLAIM: 6TH AMENDMENT RIGHT TO COUNSEL

51. Paragraphs 1 through 50   are realleged and incorporated by reference herein.

52. Plaintiff SHIRLEY SAENZ during her initial arrest and continued unlawful imprisonment and the improper investigation repeatedly requested to assert the right to counsel as she had retained counsel in her on going custody dispute in the Family Court and Defendant

herein denied her repeated request for counsel and her right to call her attorney and when her attorney, in fact, appeared, prevented her attorney from having access to her or communicating with her to give her proper counsel under these circumstances.

53. The acts and/or omissions of the Defendants caused the violation of Plaintiff's Sixth Amendment right to counsel while she was in criminal jeopardy of charges.

### NINTH CLAIM: MUNICIPAL LIABILITY: FAILURE TO TRAIN

54. Paragraphs 1 through 53  are realleged and incorporated by reference herein.


### NINTH CLAIM: MUNICIPAL LIABILITY: FAILURE TO TRAIN

### TENTH CLAIM: MUNICIPAL LIABILITY: FAILURE TO PROPERLY SUPERVISE

55. Paragraphs 1 through 53     are realleged and incorporated by reference herein.

56.Defendant WALKER failed to timely record records, provided false or misleading or inadequate information in the case record.  He failed to promptly record communications that distorted and negligently, grossly negligently, recklessly or intentionally provided false ACS case records that contributed by his actions and/or omissions to the Plaintiff's injuries of false arrest, unlawful imprisonment, Fourth Amendment violation of seizure of a person, and custodial interference.

57. Supervisor BOYCE and manager SMITH failed to adequately supervise and the CITY OF NEW YORK failed to properly train Defendant WALKER of the importance and necessity of maintaining contemporaneous records.

58. Defendants WALKER, supervisor BOYCE and manager SMITH and the CITY OF NEW YORK failed to maintain contemporaneous notebooks called "field notebooks" during the

time period in question and Defendant WALKER with the consent and without supervision or inadequate supervision by Defendants BOYCE, SMITH and the CITY OF NEW YORK was permitted to destroy the contemporaneous records of field notebooks. There was inadequate training by the Defendants CITY OF NEW YORK, BOYCE and SMITH of Defendant WALKER resulting in his being able to maintain two separate sets of records including the record that was put into the official entries with the Bridges record system of ACS and its own independent record kept on his computer that at various points was different and altered and amended or corrected.

59. The contemporaneous recording of the impressions of the case record were critical since Family Court Act, Section 1046 permits case record entries to be evidence and chief proof of neglect and distorted the missing, the two sets of records, falsification or reckless recording of records or the failure to record contemporaneous records, or the failure to properly record or document the condition of the child as mandated under Child Protective Services Program Manual, Chapter VII, Section C, page 7, part D, photographs and x-rays or Social Services Law, Section 416 requiring the photographing of a child's condition and Social Services Law, Section 415 and Section 416 requiring reporting and suspected maltreatment including the taking of photographs was, instead of properly reporting it, was made baseless allegations depriving the liberty of the infant Plaintiff and unnecessarily separating and custodial interference of the mother and the child based on the failure to properly document the ACS case record.

60l, Defendants CITY OF NEW YORK failed to train ACS and the N.Y.P.D, and the B.C.A.C. to coordinate their efforts in a meaningful way that gave due process and adequate rights to the parents and children, but coordinated and did not allow the distortion or

misinformation to result in wrongful arrest and false imprisonment and custodial deprivations.

62. CITY OF NEW YORK and the supervisory personnel of the ACS, the N.Y.P.D, and the B.C.A.C., including the Defendants' names herein, failed to by their acts and/or omissions and by the customs of the CITY OF NEW YORK and its policies, official or unofficial, permitted the false, misleading, distorted information, and the failure of proper communication including when the child was removed from the mother at 1 o'clock in the morning on July 1, 2010 and was seen at Brooklyn Hospital at 4:00 a.m. who found the child perfectly healthy and recommending the return of the child, that information was not timely communicated to the ACS personnel or police or was withheld by various persons so that arbitrarily or capriciously could result in the continuation of the wrongful imprisonment after the false arrest and result in the continuing custodial interference and deprivation of the mother and child's relationship.

63. These failings have been systemically and chronically reported and notice has been given to the CITY OF NEW YORK as to these failings, particularly as to the impact of ACS and the police becoming involved in contested child custody proceedings so that to prevent the state and its power and authority to not tip the advantage to one parent or the other and to de facto transfer custody out of the court, and then based on distorted or false factual statements bring proceedings without notice to the parent effectuating a transfer of custody without due process as in violation of the procedural due process rights of the individual Plaintiff SHIRLEY SAENZ and her capacity as the parent and natural guardian of her son the infant Plaintiff herein.

64. These violations of procedural due process were caused by the Defendant WALKER, the Defendants BOYCE, SMITH and, upon information and belief, the other Defendants herein.

Defendant WALKER failed to notify SHIRLEY SAENZ of a conference on July 1, 2010 where decisions were made regarding transfer of the custody of the child. Defendant WALKER failed to take reasonable steps in investigation 18 N.Y.C.R.R. 432.5 requiring to learn the whereabouts of SHIRLEY SAENZ, which if he had done so would have learned that she would have been released from the temporary false arrest and wrongful imprisonment at 11:30 a.m. on July 1, 2010 and would have been available for a meeting on July 1, 2010 at 3:00 p.m., or, alternatively, could have scheduled a meeting later when she could be present. In addition, Defendant WALKER signed and verified a child neglect proceeding under Article 10 of the Family Court Act on July 2, 2010 that was full of completely false and misleading statements including making false statements regarding the child's diaper rash which the child's pediatrician was concerned when the father of the child had well care while with the mother. In addition, Defendant WALKER failed to contact and obtain information from Brooklyn Hospital records from 4:00 a.m. on July 1, 2010 t that resulted in finding that the child was perfectly well and it was recommended to return the child to the mother.

65. Defendant WALKER and his supervisors failed to properly investigate allegations that were made during early June of 2010 that was to investigate the father's care and as to whether the father was maltreating the child since the child was repeatedly determined to have a 24 hour diaper rash when the child had overnight visits weekly with the father. Instead of investigating that, and instead of ever filing any reports, Defendant WALKER through the lack of proper supervision or the direction of his supervisors converted the investigation of the father into an investigation of the mother as she "complained too much" and used the very photographs that properly documented the child's condition before and after having been returned with the father into a new unspecified and unauthorized neglect allegation set in motion a baseless claim

13

for child neglect that has been used to continue to deprive the mother and child from their right to associate.

66. Defendant WALKER was improperly trained and had inadequate supervision and was unaware of the proper removal procedures and expressed no voice once the police had made the unauthorized removal of the child from the mother, perpetuated that unlawful custodial deprivation through failure of training and failure of supervision and failure to take action and/or their omissions that resulted in the continual custodial deprivation unnecessarily resulting from the causation of an unlawful arrest. Although Defendant WALKER has repeatedly expressed that had he known the facts that he was investigating that he would have never authorized the removal of the child nor filed a neglect petition in court, he continues to maintain that petition and fails to amend or withdraw the allegations that are clearly established as false. In a continuing deprivation of the Plaintiff's rights under the improper supervision of Defendant's supervisor BOYCE, SMITH and others at ACS.

## COUNTS SPECIFICALLY ON BEHALF OF THE INFANT PLAINTIFF FORREST JAMES SAENZ-RICHARDSON

ELEVENTH CLAIM: FOURTH AMENDMENT: SEIZURE

67. Paragraphs 1 through 66  are realleged and incorporated by reference herein.

68. The Infant Plaintiff herein was unlawfully seized and removed from his home at 472, Apt. 1B, Brooklyn, New York 11232 on the evening of June 30, 2010, and on July 1, 2010 at approximately 1:00 a.m. removed from his mother unnecessarily, and such seizure was without probable cause, without a warrant, without lawful justification and resulted in the interference with his ongoing continuous relationship and his right of association and care from the legal and

physical custodial care of his mother and natural guardian SHIRLEY SAENZ and was caused in part by the CITY OF NEW YORK to properly train their employees with the New York City Administration for Children's Services, the New York City Police Department and the coordination of efforts with those various employees including the failure to keep proper records and to properly investigate and share information in a meaningful manner that would prevent violation of the rights complained of. But for the acts and/or omissions of the Defendants complained of, the Infant Plaintiff's rights would not have been violated.

69. Because of the acts and/or omissions of to be free from unreasonable searches and seizures occurred causing injuries complained of.

## TWELFTH CLAIM:

70. Paragraphs 1 through 69   are realleged and incorporated by reference herein.

71. Because of the aforesaid acts and/or omissions of the Defendants, the infant Plaintiff's right to custodial care by his mother and natural guardian was interfered with and violated causing injuries complained of.

## THIRTEENTH CLAIM: FIRST AMENDMENT

72. Paragraphs 1 through 71   are realleged and incorporated by reference herein.

73. Infant Plaintiff's right of association with his mother, protected under the First Amendment, and the rights of familial integrity were violated by the acts and/or omissions by the Defendants.

## FOURTEENTH CLAIM: FOURTEENTH AMENDMENT

74. Paragraphs 1 through 73   are realleged and incorporated by reference herein.

75. Infant Plaintiff's right to procedural due process was protected by the Fourteenth Amendment of the U.S. Constitution were violated by the failure to provide proper due notice of the proceedings to the Plaintiff SHIRLEY SAENZ so that she could be present and have the child returned to her.

## FIFTEENTH CLAIM: FAILURE TO TRAIN

76. Paragraphs 1 through 75 are realleged and incorporated by reference herein.

77. The CITY OF NEW YORK failed to train and provide proper record keeping regarding the computerized Bridges system and the coordination of N.Y.P.D, records with ACS records thereby through its municipal custom and practice and/or policy violated infant Plaintiff's rights to care by his mother.

## SIXTEENTH CLAIM: FAILURE TO SUPERVISE

78. Paragraphs 1 through 77 are realleged and incorporated by reference herein.

79. The infant Plaintiff's rights were violated by the acts or omissions of the Defendants including the CITY OF NEW YORK to properly supervise the other named individual Defendants with the N.Y.P.D. and the ACS but for a period which caused the infant Plaintiff's injuries complained of.

## COUNTS SPE 8aszCIFICALLY ON BEHALF OF THE PLAINTIFF ELI SAMUEL FIGOROA A/K/A ELI SAMUEL

### SEVENTEENTH CLAIMS

80 Paragraphs 1 through 79    are realleged and incorporated by reference herein.

81 On or about June 30, 2010 at 10:15 p.m. at 290 E. 4th Street, New York, New York, the Plaintiff  ELI SAMUEL FIGUEROA was falsely arrested and unlawfully imprisoned and his Fourth Amendment rights against unlawful searches of his home and seizures of his person took place, continuing until he was released on July 1, 2010 at approximately 11:30 a.m.

82. Plaintiff  sought the right to counsel and to contact his attorney and was denied such right.  He was denied the right to contact his attorney and when the attorney was present at the Precinct, he was not able to communicate with his attorney.

83. Defendants used excessive force in arresting and retaining his imprisonment and in removing his cell phone so that he could not contact his attorney.

84.The Defendants, without probable cause and without rightful authority, violated his rights of privacy by intercepting his telephone communications without legal authority and further violated his First Amendment rights by retaliating when he made a complaint to the Internal Affairs Division of the N.Y.P.D.  By seeking his arrest and retaliation by baseless charges that detained him but did not bring actual legal charges.  In addition, his procedural due process protected under the U.S Constitution and the Fourteenth Amendment was violated when he was arrested and imprisoned and deprived of his right to counsel without charges being brought.

85. Accordingly, the acts and/or omissions of the Defendants caused the false arrest of the Plaintiff.

EIGHTEENTH CLAIM:

86. Paragraphs 1 through 85 are realleged and incorporated by reference herein.

87. The acts and omissions of the Defendants complained of herein caused the unlawful imprisonment of the Plaintiff ELI SAMUEL FIGOROA A/K/A ELI SAMUEL from 10:15 p.m. on June 30, 2010 until approximately 11:30 a.m. on July 1, 2010 .

NINETEENTH CLAIM:

88. Paragraphs 1 through 87 are realleged and incorporated by reference herein.

89 Defendants used excessive force in effectuating the arrest and retaining unlawful imprisonment of the Plaintiff ELI SAMUEL FIGOROA A/K/A ELI SAMUEL and physically were brutal to his person, assaulting him and removing his cell phone and preventing him from contacting his attorney

TWENTIETH CLAIM: VIOLATION OF RIGHT TO COUNSEL

90 Paragraphs 1 through 89 are realleged and incorporated by reference herein.

91. Defendants' actions and/or omissions prevented Plaintiff from communicating with his attorney and removed his cell phone, preventing him from making a telephone call. Despite his repeated request to contact his attorney, he was prevented from doing so. Subsequently, when he saw his attorney at the Precinct, he was prevented from having access to him to communicate under these critical stages of the police investigation. No Miranda warnings were provided and ELI SAMUEL FIGOROA A/K/A ELI SAMUEL's liberty interest was violated.

## TWENTY-FIRST CLAIM: FOURTH AMENDMENT

92. Paragraphs 1 through  91  are realleged and incorporated by reference herein.

92. Defendants acts and/or omissions herein caused through the inadequate investigation and unlawful authority that resulted in unlawful search at Plaintiff's apartment at 290 E. 4th Street , New York , New York and resulted at approximately 10:15 p.m. on June 30, 2010 in the seizure of his person violating his Fourth Amendment rights under the U.S. Constitution, thereafter continuing until 11:30 a.m. on July 1, 2010.

93. Upon information and belief, Defendant's acts and/or omissions resulted in invasion of privacy from illegal wiretap and interception of the telephonic communications of the Plaintiff without probable cause or lawful authority.

## TWENTY-SECOND CLAIM:

94. Paragraphs 1 through 93   are realleged and incorporated by reference herein.

95Plaintiff ELI SAMUEL FIGOROA A/K/A ELI SAMUEL's First Amendment rights were violated when Defendants' actions and/or omissions acted in retaliation by shaping and withholding or distorting the relevant factual portions of the investigation so that he was unlawfully arrested and unlawfully detained in retaliation for a complaint he made in to the N.Y.P.D. Internal Affairs Department several days before.

## TWENTY-THIRD CLAIM: PROCEDURAL DUE PROCESS

96. Paragraphs 1 through  95  are realleged and incorporated by reference herein.

97. Plaintiff ELI SAMUEL FIGOROA A/K/A ELI SAMUEL'S rights of Fourteenth Amendment procedural due process were violated when he was falsely arrested and unlawfully imprisoned and deprived of his right to counsel and without prompt pre and or post deprivation

hearing for which the Plaintiff ELI SAMUEL FIGOROA A/K/A ELI SAMUEL complains of his injuries as stated above.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SHIRLEY SAENZ, individually, and as parent and natural guardian of the infant FORREST JAMES SAENZ-RICHARDSON and ELI SAMUEL FIGARO  respectfully requests that Judgment be entered against all of  the Defendants jointly and severally:

A.  Awarding Plaintiff SHIRLEY SAENZ individually compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) on claims 1,2,3,4,5,6,7,8,9,10..

B.  Awarding Plaintiff  SHIRLEY SAENZ, on behalf of the infant plaintiff  FORREST JAMES SAENZ-RICHARDSON compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) on claims 11, 12, 13,

C.  Awarding Plaintiff ELI SAMUEL FIGARO compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) on claims 14, 15, 16, 17.

D.  Awarding Plaintiffs interest on their claims from June 30, 2010.

E.  Awarding infant Plaintiff's reasonable attorneys fees pursuant to 42 USCS 1988.

F Awarding  Plaintiff's costs and disbursements of this action.

G. Awarding such other and further relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to

which it is or may be entitled to a jury trial.

Respectfully submitted,

New York, New York
June 29, 2011

BRUCE A. YOUNG, ESQ. (BY6798)
Law Office of Bruce A. Young
Attorney for Plaintiff
SHIRLEY SAENZ
181 Hudson Street, Suite 1A
New York, New York 10013
(212) 965-0050

To:    CITY OF NEW YORK
       NYC Corporation Counsel
       100 Church Street
       New York, NY 10007

Detective Donnamarie MAZDA
830 4th Avenue
Brooklyn, New York, 11232

Detective Christopher Karolkowski
830 4th Avenue
Brooklyn, New York, 11232

Detective Todd Nagrowski
830 4th Avenue
Brooklyn, New York, 11232

Detective "John" Bartola
830 4th Avenue
Brooklyn, New York, 11232

Detective Deborrah R. Hawkins
320 Schermerhorn Street
Brooklyn, NY 11217

Detective J. Taylor
830 4th Avenue
Brooklyn, New York, 11232

Detective Donna Bartoldus
830 4th Avenue
Brooklyn, New York, 11232

Detective Joseph Failla
830 4th Avenue
Brooklyn, New York, 11232

Detective JANE Kelley
830 4th Avenue
Brooklyn, New York, 11232

Detective Richard RoE
830 4th Avenue
Brooklyn, New York, 11232

Detective JOHN Spencer
830 4th Avenue
Brooklyn, New York, 11232
Police Officer Calabro
68th Precinct
Brooklyn, New York 11209

Leiutenant Ortiz
830 4th Avenue
Brooklyn, New York, 11232


John Walker, CPS
150 William Street
New York, NY 10038

Thomas Dunbar, ACS
150 William Street
New York, NY 10038

Duwayne Boyce, ACS
150 William Street
New York, NY 10038

Howard Jolson
150 William Street
New York, NY 10038

Carla Lawrence
150 William Street
New York, NY 10038

Vilma Smith
150 William Street
New York, NY 10038