UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                    :
ELI SAMUEL FIGUEROA,                    :         11-CV-3160 (ARR)(CLP)
                    :
        Plaintiff,                  :         <u>NOT FOR ELECTRONIC</u>
                    :         <u>OR PRINT PUBLICATION</u>
   -against-                    :
                    :         <u>OPINION & ORDER</u>
JOSEPH FAILLA and DENNIS CHAN, individually and in :
their official capacities,                   :
                    :
       Defendants.                :
                    :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff brings a civil rights case against defendant police officers stemming from his interactions with the police on June 30, 2010. A prior trial was held, and judgment was entered in favor of defendants on all counts notwithstanding a jury verdict for plaintiff. On remand from the Second Circuit, the following claims remained: (1) unlawful entry and (2) failure to intervene to stop an alleged assault. This court subsequently granted partial summary judgment for defendants on the unlawful entry claim, finding defendants entitled to qualified immunity on that claim. Currently before the court is plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of that summary judgment decision. Because plaintiff identifies no controlling decisions or data that the court overlooked that might reasonably be expected to alter the court's conclusion, this motion is denied.[1]

"When deciding [a] motion for reconsideration, [a] District Court . . . decid[es] whether the movant ha[s] pointed to 'controlling decisions or data that the court overlooked' – matters

---

[1] The factual and procedural background are explained in my order granting partial summary judgment, Op. & Order (Mar. 30, 2017) ("Summ. J. Order") at 2-11, ECF No. 258, and familiarity with this prior order is assumed for purposes of this opinion.

'that might reasonably be expected to alter the conclusion reached by the court.'" Cyrus v. City of New York, 450 F. App'x 24, 26 (2d Cir. 2011) (quoting Fruit of the Loom, Inc. v. Am. Mktg. Enters., Inc., 192 F.3d 73, 75-77 (2d Cir. 1999)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff advances two arguments in favor of reconsideration. First, that the court incorrectly accepted defendants' timeline of the relevant events, which plaintiff disputes. Pl.'s Mem. Law Supp. Mot. Alter/Amend J. ("Pl.'s Mem.") at 19-20, ECF No. 260; Reply Mem. Law Further Supp. Pl.'s Mot. Reconsideration ("Pl.'s Reply") at 3-4, ECF No. 263.. Second, that the court incorrectly applied the Second Circuit's earlier decision in this case. Pl.'s Mem. at 18-21; Pl.'s Reply at 5-6. As explained below, neither argument is persuasive.[2]

---

[2] Plaintiff advances a third argument for the first time in his reply brief, that the court incorrectly determined that prior photographs similar to the ones recovered from Duane Reade were never viewed by investigating officers. Pl.'s Reply at 4-5. "This Court generally will not consider arguments raised for the first time in a reply brief." Patterson v. Balsamico, 440 F.3d 104, 113 n.5 (2d Cir. 2006).

In any event, plaintiff has not shown that these photographs were included in Detective Hawkins's file and "viewed by the investigating officers." Pl.'s Reply at 4. Plaintiff attached Detective Hawkins's file to his motion for reconsideration, see File, Pl.'s Mem. Ex. 13, ECF No. 260-13, and, while the "file contain[s] scattered references to the fact that Shirley had taken photographs of the child's anus on a prior occasion to document alleged abuse[,] . . . no earlier photographs were themselves included in Detective Hawkins's file," Summ. J. Order at 21-22. Plaintiff's unsubstantiated claim that these photographs were in fact included in the file does not warrant reconsideration of the prior order. See Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) ("[T]he nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor. The motion 'will not be defeated merely . . . on the basis of conjecture or surmise.'" (quoting Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991))).

2

First, plaintiff argues that he "rel[ies] on different factual issues and timeline than those adopted by the [c]ourt in its decision." Pl.'s Mem. at 19. Specifically, plaintiff claims that the Duane Reade manager contacted the police about the photographs on June 29, 2010, rather than June 30, 2010. Id. at 19-20. However, this minor dispute does not affect my earlier decision. Simply put, whether the investigation occurred over one day or two days does not alter the information known to officers at the time of entry, which is the crucial factual predicate for my earlier decision, and is undisputed. See Summ. J. Order at 18-21. Thus, plaintiff has failed to demonstrate a dispute over a <u>material</u> fact that would preclude entry of summary judgment. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("[M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law.").

Second, plaintiff argues that "the Second Circuit . . . has determined that under the totality of the circumstances a[] reasonably objective officer at the time of entry and arrest would be justified in believing that plaintiff had committed the offense of . . . [e]ndangering the [w]elfare of a [c]hild, not kidnapping," Pl.'s Mem. at 20 (citing Figueroa v. Mazza, 825 F.3d 89, 102-03 (2d Cir. 2016)), and therefore the court is precluded from considering, in its analysis of

---

Not having seen the photographs, defendants could not be "fully aware that the photographs received from Duane Reade were . . . the same . . . as those taken to document the condition of the child before visitation with his father," Pl.'s Reply at 5. As explained in the prior order:

> Detective Hawkins nowhere describes any earlier photographs as including indicia of a 'proof of life' photograph. Instead, they were described as 'taken at Dr. Hassan's office.' A reasonable officer could have concluded that the earlier photographs were careful documentation by a doctor, <u>not at all similar</u> to the elaborately staged photoshoot in a McDonald's restroom that the photographs evidenced.

Summ. J. Order at 21-22 (emphasis added) (internal record citation omitted).

exigent circumstances, whether defendant police officers were investigating a kidnapping, id. at 18. In fact, the court is not so limited. The Second Circuit explicitly did not reach the question of whether probable cause existed to arrest plaintiff for kidnapping. Figueroa, 825 F.3d at 102 n.9. Therefore, the mandate rule did not preclude this court from considering whether officers were investigating a kidnapping. See Kuhl v. United States, No. 07-CV-3680, 2008 WL 4527744, at *5 (E.D.N.Y. Sept. 30, 2008) ("[W]here a party raises an issue that was not part of the appellate decision . . . 'a trial court may consider the matter.'" (quoting Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006))). In fact, Judge Weinstein found that probable cause did exist to arrest plaintiff for kidnapping, Mem., Order & J. (Sept. 30, 2014) at 13, ECF No. 203, a holding that was not disturbed by the Second Circuit ruling and forms part of the law of the case that "should generally be adhered to . . . in subsequent stages in th[is] same case," see Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)).

For these reasons, plaintiff's motion is denied. The Clerk of Court is directed to dismiss the following defendants from the case: Mazza, Karolkowski, and Nagrowski. The caption of the case shall be amended in accordance with the caption on this document. Plaintiff's failure to intervene claims against defendants Failla and Chan will proceed to trial. The parties are ordered to submit amendments to the pre-trial documents as requested in the prior order on or before May 5, 2017. So that trial may proceed in a timely manner, no extensions will be permitted. SO ORDERED.

                                                               /s/
                                             Allyne R. Ross
                                             United States District Judge

Dated:        April 28, 2017
               Brooklyn, New York