UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ELI SAMUEL FIGUEROA a/k/a ELI SAMUEL,

                                  Plaintiff,        **AMENDED JOINT PRE-TRIAL ORDER**

              -against-

DETECTIVE JOSEPH FAILLA and DETECTIVE
DENNIS CHAN,                          11-CV-3160 (ARR)(CLP)

                                Defendants.

------------------------------------------------------------------------ x

        Plaintiff Eli Samuel Figueroa a/k/a Eli Samuel ("Plaintiff" or "Mr. Samuel"), by his attorney, Robert Rambadadt, Esq., of The Rambadadt Law Office, and defendants Detective ("Det.") Joseph Failla and Det. Dennis Chan (collectively, "Defendants"), by their attorney, Melanie Speight, Senior Counsel in the Office of the Corporation Counsel for the City of New York, having conferred among themselves and with the Court pursuant to Federal Rules of Civil Procedure 16, submit the following statements, directions, and agreements as the Pretrial Order:

**1.      Full Caption of the Action**

        The full caption of the action is set forth above.

**2.      Trial Counsel**

The contact information for trial counsel is as follows:

        <u>For Plaintiff:</u>

        Robert Rambadadt, Esq.
        The Rambadadt Law Office
        20 W. 20th Street—2nd Floor
        New York, New York 10011
        Tel: (646) 450-8049
        Fax: (646) 224-9822

        Rosa L. Barreca, Esq.
        Barreca Law
        The Philladelphia Building
        1315 Walnut Steet, Suite 320
        Philadelphia, PA 19107
        Tel: (267) 918-6082

Fax: (646) 200-9036

For Defendants:

Melanie Speight
*Senior Counsel*
Office of the Corporation Counsel for the City of New York
100 Church Street
New York, New York 10007
Tel: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

*Additional trial counsel for the defendants will be assigned prior to trial.

## 3.   Jurisdiction

### a.  Plaintiff's Statement

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.  The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.  The place of occurrence is New York County, New York[1];

Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure;

The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.  Jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a) and arises under the doctrine of pendent jurisdiction. (there is a state law claim for Failure to Intervene) Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.[2]

---

[1] Defendants respectfully note that plaintiff's arrest did not occur in New York County but, rather, in Brooklyn.

[2] Defendants respectfully submit that there is no cause of action for failure to intervene under New York state law; it is a federal claim.  Moreover, plaintiff has never plead or otherwise asserted a state law claim based upon alleged failure to intervene and should not be permitted to do so now.  Defendants respectfully advise the Court that there are no state law claims left in this matter.

### b. Defendants' Statement

Defendants do not dispute the Court's jurisdiction.

### 4. Jury/Non-Jury

Defendants anticipate that trial will last 2 - 3 days. Plaintiff anticipates that trial may last 4 days.

### 5. Trial Before Magistrate Judge

All parties have not consented to a trial before a Magistrate Judge.

### 6. Claims and Defenses to be Tried

### a. Plaintiff's Statement

This is a civil rights action in which Plaintiff seeks damages for personal injuries sustained as a result of the defendants' violation of his rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York.  Plaintiff also sues in traditional tort pursuant to pendent State claims.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized force, and failed to intervene when he was the subject of an assault and battery by another officer on plaintiff.[3]

### i. Claims That Remain

- Plaintiff's claim for failure to intervene to prevent unlawful assault and battery against plaintiff while in the back seat of the vehicle will proceed against Det. Failla and Det. Chan.

### ii. Previously Asserted Claims Not to be Tried

- Plaintiff's claims of assault, false arrest, excessive force, and unlawful entry and unreasonable search have been dismissed after appeal and summary judgment motions.

### b. Defendants' Statement

### i. Claims That Remain

- Pursuant to the Second Circuit's June 3, 2016 Order on Appeal, and the Court's decisions dated March 30, 2017, and April 28, 2017, the sole remaining claim in this

---

[3] Defendants respectfully note that there is no remaining claim for excessive force in this action.

action is a federal claim for failure to intervene against defendants Detective Chan and Detective Failla.

### ii.   Defenses Asserted

- Plaintiff's alleged federal failure to intervene claim is not sustainable because plaintiff has not established, and cannot establish, an underlying constitutional violation.  Foy v. City of New York, 2004 U.S. Dist. LEXIS 18274 (S.D.N.Y. Sept. 10, 2004) ("There can be no failure to intervene where there was no constitutional violation.").  In this instance, the alleged conduct in which defendants allegedly failed to intervene has been recognized by the Circuit and this Court as assault, a tort claim arising under New York state law.  The conduct has not, and cannot, be recognized as a federal excessive force claim because plaintiff never identified the individual who allegedly assaulted him, and personal involvement is an absolute requirement of a claim arising under 42 U.S.C. § 1983.

- Defendant Detectives Chan and Failla did not observe an unconstitutional use of force against plaintiff.

- Defendant Detectives Chan and Failla did not have a reasonable opportunity to intercede in any alleged unconstitutional use of force against plaintiff.

- Plaintiff has not properly asserted a failure to intervene claim pursuant to New York state law.

- Failure to intervene is not a cause of action under New York state law.[4]

## 7.   Damages and Relief

Plaintiff suffered a violation of his constitutional rights in that he was wrongly arrested[5] and humiliated; that he was physically assaulted while in the custody, care and control of the NYPD with while surrounded by defendant detectives who purposely failed to intervene or protect plaintiff from the assault that was clearly within their ability to act. [6]

---

[4] To the extent that the Court recognizes and/or permits plaintiff to pursue a state law cause of action for failure to intervene, the Court should decline to exercise its supplemental jurisdiction and dismiss plaintiff's claim.

[5] Defendants note there is no false arrest claim left upon remand, therefore they object to plaintiff presenting any evidence as to the validity of his arrest at trial, where the only remaining issue is failure to intervene.

[6] Defendants respectfully submit that plaintiff cannot pursue damages related to his arrest, as his false arrest claim has been dismissed.

Plaintiff is seeking damages, both compensatory and punitive, to compensate him for his injuries: physical and mental; and violations of his constitutional rights.

**8.      Stipulations**

The parties do not stipulate to any facts at this time.

**9.      Witnesses**

### a.  Plaintiff's Fact and Expert Witnesses[7]:

**Eli Samuel**:
-Mr. Samuel is the plaintiff in this matter and will testify as to the factual events as they occurred before, during and after his arrest and assault by the defendants on June 30, 2010.  He will also provide testimony as to any pain and suffering he suffered as a result of this incident.

**Det. Joseph Failla**:
-Det. Failla is a defendant in this matter and will testify regarding his memo book, New York Police Department (NYPD) policies and procedure, his interaction with Mr. Samuel on June 30, 2010, Mr. Samuel's arrest and events following his arrest.

**Det. Dennis Chan**:
-Det. Chan is a defendant in this matter and will testify regarding his memo book, New York Police Department (NYPD) policies and procedure, his interaction with Mr. Samuel on June 30, 2010, Mr. Samuel's arrest and events following his arrest.

**Det. Donnamarie Mazza**:
-Det. Mazza is a defendant in this matter and will testify regarding her memo book, New York Police Department (NYPD) policies and procedure, her interaction with Mr. Samuel on June 30, 2010, Mr. Samuel's arrest and events following his arrest.

**Det. Kristopher Karolkowski**:
-Det. Karolkowski is a defendant in this matter and will testify regarding his memo book, New York Police Department (NYPD) policies and procedure, his interaction with Mr. Samuel on June 30, 2010, Mr. Samuel's arrest and events following his arrest.

**Det. Todd Nagrowski**:
-Det. Nagrowski is a defendant in this matter and will testify regarding his investigation of this matter, New York Police Department (NYPD) policies and procedure, his interaction with Mr. Samuel on June 30, 2010, Mr. Samuel's arrest and events following his arrest.

---

[7] Plaintiff reserves the right to call any witness identified by defendants.  Plaintiff further reserves the right to call a records custodian, or clerk or employee, to authenticate or otherwise establish that any of the records identified as exhibits in this pretrial order are created and/or maintained as business records in the unlikely event that the parties cannot otherwise so agree.

**Det. Deborah Hawkins**:*
-Det. Hawkins is a witness who will provide limited testimony as to the nature and accuracy of the documents listed as Plaintiff's Exhibit #6 labeled NYC 74 – NYC 83.

**Sgt. Roxanna Concepcion**:*
-Sgt. Concepcion is a witness who will provide testimony as to her role in initiating the investigation of this matter, and New York Police Department (NYPD) policies and procedure.

**Shirley Saenz**:*
-Ms. Saenz is a witness and mother of the infant F.S.R.J. and will testify as to the nature to the photographs that initiated the investigation, why the photographs were taken, who instructed her to take the photographs, Mr. Samuels position and role in the events leading up to his arrest.

**Estaban Arias**:*
-Mr. Arias is witness who will testify as to his role in the discovery of the photographs that initiated the investigation and the information and assistance he provided to the New York City Police Department (NYPD).

**Jose Cordona**:
-Mr. Cordona is a witness who will testify as to events he witnessed unfold regarding the arrest and treat of plaintiff by New York City Police Department (NYPD) detectives, officers and personnel on the night of June 30, 2010.

**Alex Gutierrez**:
-Mr. Gutierrez is a witness who will testify as to events he witnessed unfold regarding the arrest and treat of plaintiff by New York City Police Department (NYPD) detectives, officers and personnel on the night of June 30, 2010.

**Yvette Rosario**:*
-Ms. Rosario is a witness who will testify as to events she witnessed unfold regarding the arrest and treat of plaintiff by New York City Police Department (NYPD) detectives, officers and personnel on the night of June 30, 2010.

Note: Plaintiff reserves the right to call all of the witnesses identified by opposing counsel on their case in chief as fact witnesses.

Defendants reserve their right to call any and all of plaintiff's listed witnesses.

*Defendants object to plaintiff's proposed witnesses which are starred to the extent they would provide duplicative testimony, would provide testimony outside the scope of this trial, were not properly identified in discovery, and to the extent they will testify to facts already determined by the law of the case and/or the Second Circuit's mandate.

### b.  Defendants' Witnesses [8]

**Defendant Detective Joseph Failla**; New York City Police Department, 1 Police Plaza, New York, New York 10007; will testify in defendants' case in chief regarding plaintiff's allegations regarding failure to intervene in a purported assault in the police car.

**Defendant Sergeant Dennis Chan**; New York City Police Department, 1 Police Plaza, New York, New York 10007; will testify in defendants' case in chief regarding plaintiff's allegations regarding failure to intervene in a purported assault in the police car.

**Detective Christopher Karolkowski**; New York City Police Department, 1 Police Plaza, New York, New York 10007; will testify in defendants' case in chief as to the facts and circumstances surrounding plaintiff's apprehension in his mother's apartment.

**Detective Donnamarie Mazza**; New York City Police Department, 1 Police Plaza, New York, New York 10007; will testify in defendants' case in chief as to the facts and circumstances surrounding plaintiff's apprehension in his mother's apartment.

**Detective Yvonne Leone**; New York City Police Department, 1 Police Plaza, New York, New York 10007; will testify in defendants' case in chief as to the facts and circumstances regarding plaintiff's allegations regarding failure to intervene in a purported assault in the police car.

### 11.  Deposition Transcripts

### c.  Plaintiff's Designation of Deposition Testimony

Plaintiff does not anticipate any deposition testimony being offered in place of witness testimony, as it is his understanding that all of the witnesses are currently available to testify in person.  However, he reserves his right to use all or part of the deposition, 50(h) hearing, and prior trial testimony of witnesses if they are or become unavailable during trial and/or for impeachment purposes in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary.  Additionally, plaintiff objects to defendants' use of deposition testimony of any witness not present at trial unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

### d.  Defendants' Designation of Deposition Testimony

• Defendants are not designating any prior sworn testimony for their case-in-chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment.  Additionally, defendants object to plaintiff's use

---

[8] Defendants reserve the right to designate additional witnesses, including impeachment and rebuttal witnesses.

of deposition testimony of any witness not present at trial unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

Defendants further reserve the right to rely on testimony from the prior trial in this matter in their case in chief as well as on rebuttal.

## 12. Exhibits

Pursuant to the Court's Individual Rules, the parties submit the following schedule of exhibits:

Plaintiff's Exhibits[9]

| No. | OFFERED BY | DESCRIPTION | BATE STAMP | OBJECTION |
|-----|-----------|-------------|-----------|-----------|
| 1 | Plaintiff | Det. Taylor Memo Book | NYC 2-4 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 2 | Plaintiff | Det. Joesph Failla Memo Book | NYC 5-6 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 3 | Plaintiff | Memo-MCS Staff Assistance Case Memo | NYC 11-12 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 4 | Plaintiff | Investigative Case File | NYC 16-24 | FRE 402 (relevance); FRE 403 (unfairly |

---

[9] Plaintiff reserves the right to use and reference all exhibits in defendants' exhibit list.

| | | | | |
|---|---|---|---|---|
| | | | | prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 5 | Plaintiff | New York Methodist Hospital Records | NYC 37-62 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 6 | Plaintiff | Det. Hawkins Case File | NYC 74-83 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 7 | Plaintiff | Complaint of Abuse | NYC 84-85 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 8 | Plaintiff | Arrest Report of Shirley Saenz | NYC 86-87 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 9 | Plaintiff | Arrest Report of Eli Samuel | NYC 88-89 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, |

| | | | | |
|---|---|---|---|---|
| | | | | confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 10 | Plaintiff | Surveillance Photos from Check Cashing | NYC 99-115 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 11 | Plaintiff | Complaint of Steven "Estaban"Arias | NYC 116-117 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 12 | Plaintiff | Kings County DA's Memo | NYC 118-119 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 12A | Plaintiff | Voucher | NYC 120 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 13 | Plaintiff | Case File | NYC 159-175 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative |

| | | | | and cumulative |
|---|---|---|---|---|
| 14 | Plaintiff | Det. Dennis Chan Memo Book | NYC 367-368 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 15 | Plaintiff | Sgt. Roxana Concepcion Memo Book | NYC 367-371 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 16 through 16L | Plaintiff | Photographs of apartment building and area near 209 E. 4th Street, New York, New York | P130-132 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative |
| 17 | Plaintiff | Sprint Subpoena and Phone Search Results | P80-82 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 18 | Plaintiff | Duane Reade Work Schedule for Estaban Arias | P90-95 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 19 | Plaintiff | Bellevue Hospital Center | P115 | FRE 402 (relevance); FRE 403 (unfairly |

| | | | | |
|---|---|---|---|---|
| | | Diagnosis for Eli Samuel | | prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 20 | Plaintiff | WTC Health Program Card | P116 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 21 | Plaintiff | Surveillance Video—Duane Reade (Inside) | NYC Law Dept.—1 of 2 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 22 | Plaintiff | Surveillance Video—Duane Reade (Exit View) | NYC Law Dept.—2 of 2 | FRE 402 (relevance); FRE 403 (unfairly prejudicial, confusing, and misleading); FRE 802 (hearsay); duplicative and cumulative; FRE 901 (authenticity) |
| 23 | Plaintiff | Sprint Phone Records | NYC D394-D397 | |

**Defendants' Exhibits**[10] **(to be offered by one or more defendants, unless otherwise noted)**

---

[10] Defendants reserve the right to designate additional exhibits, including impeachment and rebuttal exhibits and to use any exhibits on plaintiff's exhibit list and/or introduced by plaintiff at trial

| # | Exhibit | Objection and Basis for Objection |
|---|---------|-----------------------------------|
| A | Plaintiff's Prisoner Arraignment Record (NYC 355) | |
| B | Command Log Entry Dated July 1, 2010 (NYC 1) | |
| C-1 throu gh C-10 | Photographs of the apartment building and the area outside 290 E.4th Street, New York, NY (D 434 – D 443) | Relevance under FRE 402, undue prejudice under FRE 403; inadmissible hearsay under FRE 802 |
| D | Plaintiff Eli Samuel's Response to Defendant's Demand for Documents and Interrogatories (impeachment) | Relevance under FRE 402, undue prejudice under FRE 403; inadmissible hearsay under FRE 802 |
| E | Prior trial testimony of Eli Samuel (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| F | Deposition transcript of Eli Samuel (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| G | 2011 Affidavit of Eli Samuel (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| H | Eli Samuel's Notices of Claim (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| I | Declarations of Eli Samuel (including 2011 and 2014) (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| J | January 30, 2014 Conference transcript (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| K | Prior Complaints in this action filed by Eli Samuel and Shirley | FRE 402 (relevance); FRE 802 (hearsay); duplicative and |

| # | Exhibit | Objection and Basis for Objection |
|---|---------|-----------------------------------|
|   | Saenz (impeachment) | cumulative |
| L | Deposition transcript of Alex Gutierrez (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| M | Deposition transcript of Jose Cordona (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| N | Deposition transcript of Shirley Saenz (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| O | Deposition transcript of Esteban Arias (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| P | Declarations of "Jose Albert" (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| Q | Family Court proceedings transcripts, including November 23, 2009, April 21, 2010, June 17, 2010 (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| R | Declarations of Esteban Arias (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| S | 2014 Declarations of Shirley Saenz (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| T | Deposition transcript of Ivette (aka Ivet) Rosario (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| U | Declaration of Ivette (aka Ivet) Rosario (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |

| # | Exhibit | Objection and Basis for Objection |
|---|---|---|
| V | Declarations of Alex Gutierrez (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| W | Prior trial transcript of Alex Gutierrez (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| X | Prior trial transcript of Jose Cordona (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| Y | Prior trial transcript of Shirley Saenz (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| Z | Prior trial transcript of Esteban Arias (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |
| AA | Prior trial transcript of Ivet Rosario (impeachment) | FRE 402 (relevance); FRE 802 (hearsay); duplicative and cumulative |

**13. Motions in Limine**

The parties previously filed motions in limine. (Docket Entry Nos. 240-244)

**14.    Reservation of Rights**

        Subject to the rulings of this Court, the parties reserve the right to use any relevant and admissible exhibit identified by the opposing party in their exhibits list whether or not the opposing party actually offers such exhibit at the time of trial.

Dated: New York, New York
     May 5, 2017

ROBERT RAMBADADT               ZACHARY W. CARTER

The Rambadadt Law Office          Corporation Counsel of the

*Attorneys for Plaintiff*               City of New York

20 W. 20th Street, 2nd Floor        *Attorney for Defendants*

New York, New York 10011         100 Church Street

(646) 450-8049                     New York, NY 10007

                                  (212) 356-2425

By: _____/s/_____     By:  _____/s/_____

     Robert Rambadadt, Esq.          Melanie Speight

     *Attorney for Plaintiff*           *Senior Counsel*


                                 SO ORDERED:


Dated: New York, New York        _____

_____, 2017           HON. ALLYNE R. ROSS

                                   UNITED STATES DISTRICT

                                   JUDGE