UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：
ELI SAMUEL FIGUEROA,　　　　　　　　　　　　　　　　：　　　11-CV-3160 (ARR)(CLP)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　：　　　<u>NOT FOR ELECTRONIC</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　　<u>OR PRINT PUBLICATION</u>
　　-against-　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　　<u>OPINION & ORDER</u>
JOSEPH FAILLA and DENNIS CHAN, individually and in ：
their official capacities,　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　Defendants.　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：
------------------------------------------------------------------- X

ROSS, United States District Judge:

　　　　This case is set for trial to commence on June 12, 2017. The parties have submitted objections and proposed additions to the court's draft jury charge and verdict sheet. Letter from Philip DePaul and Alexander Noble (May 25, 2017) ("Def.'s Letter"), ECF No. 277; Letter from Robert Rambadadt (May 26, 2017), ECF No. 278. As provided herein, the attached jury instructions and verdict sheet are final and ready for trial.

　　　　I have rejected the nominal damages instruction proposed by defendants as contrary to law. If the jury believes plaintiff that he was punched repeatedly in the windpipe, this would result in a compensable injury. An award of nominal damages would be inconsistent with plaintiff's theory of liability and is therefore improper. See Atkins v. New York City, 143 F.3d 100 (2d Cir. 1998) (remanding for new trial where jury award of nominal damages was inconsistent with plaintiff's theory of liability).

　　　　Defendants argue that the jury could conclude that plaintiff was assaulted but that any damages resulted only from the assault and not from the failure to intervene. According to defendants, such a finding would entitle plaintiff only to nominal damages. Def.'s Letter at 1-2.

This argument misapprehends the import of a finding of liability on a failure to intervene claim. In order to find defendants liable, the jury will have to find that an unknown officer violated plaintiff's constitutional rights by assaulting him. "[P]ersonal involvement is a prerequisite to a finding of liability under § 1983," Wong v. Yoo, 649 F. Supp. 2d 34, 61 (E.D.N.Y. 2009) (citations omitted), and failure to intervene is one way to establish personal involvement in the underlying constitutional violation. Thus, a jury finding of liability on the failure to intervene claim is a jury finding that defendants were participants in the assault. See Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016) ("Liability [for failure to intervene] attaches on the theory that the officer, by failing to intervene, becomes a 'tacit collaborator' in the illegality."). Because all participants in a constitutional tort are jointly and severally liable for compensatory damages, see Alla v. Verkay, 979 F. Supp. 2d 349, 374 (E.D.N.Y. 2013), if defendants are found liable on a failure to intervene theory, they are liable for all damages caused by the assault. Therefore, there is no theory of liability under which nominal damage would be appropriate.

Minor additional changes to the jury charge are highlighted in the attached version, which will be used at trial.

SO ORDERED.

                                                                /s/
                                              Allyne R. Ross
                                              United States District Judge

Dated:       June 1, 2017
               Brooklyn, New York