

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ELI SAMUEL FIGUEROA, also known as Eli Samuel, :  11-CV-3160 (ARR) (CLP)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff, 　　　　　　　:  NOT FOR ELECTRONIC
　　　　　　　　　　　　　　　　　　　　　　　　:  OR PRINT PUBLICATION
　　-against-　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:  MEMORANDUM &
THE CITY OF NEW YORK, et al.,　　　　　　　　　 :  ORDER
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants. 　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------------ X

ROSS, United States District Judge:

On July 30, 2017, Robert Rambadadt, counsel to plaintiff Eli Figueroa, filed a letter-motion to withdraw as counsel in this case, citing a "severe breakdown in communication and cooperation between plaintiff and counsel." Pl.'s Mot. at 1, ECF No. 289. He also requested a one-third charging lien on any post-verdict remedies that the plaintiff might secure on appeal as well as the release of trial transcripts free of charge for plaintiff. *Id.* at 2–3. On November 9, 2017, Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R & R"), recommending that the motion to withdraw be granted. *See* R & R at 3, ECF No. 295. She found that a charging lien was appropriate in this case but declined to recommend a specific percentage or amount absent further information. *Id.* She also recommended denying without prejudice the request for trial transcripts because plaintiff has not applied for *in forma pauperis* status. *Id.* at 4. On December 11, 2017,[1] plaintiff filed pro se objections to the R & R, specifically asking the Court to "reconsider and deny" counsel's request for a charging lien on any potential future

---

[1] On November 27, 2011, Magistrate Judge Pollak revised the deadline by which plaintiff had to file objections to December 11, 2017. *See* "Order setting deadlines as to 295," ECF entry dated November 27, 2017. Therefore, plaintiff's objections were timely filed despite the fact that more than fourteen days had elapsed since Judge Pollak issued the R & R.

1

monetary recoveries. Objs. to R & R at 1, ECF No. 296. For the reasons discussed below, I overrule plaintiff's objections and adopt Magistrate Judge Pollak's R & R in full as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## BACKGROUND

On June 30, 2011, plaintiff commenced this civil rights action, alleging various constitutional violations that arose out of an incident between plaintiff and defendant police officers. *See* Compl. ¶ 1–2, ECF No. 1. After extensive motion practice, a trial in front of Judge Weinstein, and an appeal to the Second Circuit, this case came before me. *See, e.g.*, ECF Nos. 70, 100, 105, 145, 150, 158, 196, 203, 211, 228, 229. On June 12-13, 2017, I held a jury trial on plaintiff's remaining claims. *See* ECF Nos. 281, 282. The jury found for the defendants, and I ordered that the action be dismissed on the merits *See* ECF No. 284. On August 10, 2017, plaintiff filed a notice of appeal as to this judgment, as well as to other orders previously issued in this case. *See* Notice of Appeal, ECF No. 292.

Since March 2014, Robert Rambadadt, Esq. has served as plaintiff's counsel. *See* Pl.'s Mot. at 2; *see also* Notice of Appearance, ECF No. 91. On July 30, 2017, he filed a letter motion to withdraw as plaintiff's attorney, to be granted a one-third charging lien on any post-verdict remedies that the plaintiff might win on appeal, and to secure the release of trial transcripts for plaintiff free of charge because of plaintiff's "financial hardship." Judge Pollak's R & R and plaintiff's objections to it followed.

## STANDARDS OF REVIEW

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); *see also Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 09-CV-874 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May

19, 2011). Where no timely objections have been filed, "the district court need only satisfy itself that there is no clear error on the face of the record." *Finley v. Trans Union, Experian, Equifax*, No. 17-CV-0371 (LDH) (LB), 2017 WL 4838764, at *1 (E.D.N.Y. Oct. 24, 2017) (quoting *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011)). Likewise, where an objection consists of "conclusory or general arguments" or is comprised of "new arguments" or "new evidence," review of the record for clear error is appropriate. *Chalasani v. Daines*, No. 10-CV-1978 (RRM) (RML), 2011 WL 4465408, at *1 & n.3 (E.D.N.Y. Sept. 26, 2011) (internal citation omitted); *see also Illis v. Artus*, No. 06-CV-3077 (SCT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

The court is mindful "that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Howell v. Port Chester Police Station*, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010).

## DISCUSSION

Plaintiff does not appear to object to Judge Pollak's recommendation that the Court grant counsel's motion to withdraw from the case[2] or deny plaintiff's motion for free trial transcripts

---

[2] This is not to say that plaintiff accepts counsel's recitation of the facts. Plaintiff asserts that counsel, in his motion to withdraw, "deliberately and maliciously misrepresented" their conversations to the Court and that counsel, not

3

without prejudice.³ *See generally* Objs. Having reviewed the record on these two issues for clear error and finding none, I adopt Judge Pollak's recommendations.

Plaintiff does object to Judge Pollak's finding that it would be appropriate to grant counsel a charging lien against any settlement or award that plaintiff might receive in the future. *See* Objs. at 1. However, in so doing, plaintiff relies on facts and arguments that he did not raise before Magistrate Judge Pollak. *Compare* R & R at 2 ("This Court notes that plaintiff did not file any opposition to counsel's request to withdraw."), *with* Objs. at 1 (asserting that, "contrary to [counsel's] argument," counsel withdrew as plaintiff's attorney rather than being discharged and that "Mr. Rambadadt did not pay any cost or filing fees, except for a small portion"). As a result, plaintiff's assertions "may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation." *Yao Wu v. BDK DSD*, No. 14-CV-5402 (CBA) (SMG), 2015 WL 5664534, at *1–2 (E.D.N.Y. Sept. 22, 2015) (internal citation omitted). I, therefore, also review this finding for clear error.

In finding it appropriate for the Court to grant plaintiff's counsel a charging lien on any post-verdict recoveries that plaintiff might obtain but declining to recommend any percentage of a potential recovery, Judge Pollak did not commit clear error.⁴ *See* R & R at 3. Counsel represented plaintiff for three years and expended much time and energy in doing so. *See* Pl.'s

---

plaintiff, ended their relationship. Objs. at 1. Although plaintiff disputes counsel's assertion that he was discharged, his characterization of counsel's motion as "a feeble attempt to cleanup [sic] all the illegal and unethical actions [counsel] ... committed before, during and after the first and second trials" suggests that plaintiff no longer wants Mr. Rambadadt to represent him. *Id.* In other words, if there were any doubt as to Judge Pollak's recommendation that the Court allow counsel to withdraw, plaintiff's letter confirms the breakdown in their relationship.

³ Ostensibly in response to Judge Pollak's explanation of why plaintiff cannot get his trial transcripts free of charge, plaintiff argues that his appeal "is not frivolous." Objs. at 1. Even if that were true, as Judge Pollak explains, he must still apply for *in forma pauperis* status before the Court will entertain a request to waive the fee for trial transcripts. *See* R. & R. at 4.

⁴ I include the following brief analysis in "an abundance of caution" given plaintiff's pro se status. *See Pizarro v. Gomprecht*, No. 10-CV-4803 (KAM) (LB), 2013 WL 990997, at *3 (E.D.N.Y. Mar. 13, 2013).

Mot. at 2. Judge Pollak correctly concluded that counsel is entitled to a charging lien pursuant to New York Judiciary Law § 475.[5] To the extent that one can construe plaintiff's objections as an argument that counsel withdrew without good cause and, therefore, does not deserve a charging lien,[6] plaintiff raises this argument for the first time in his objections.[7] *See* Objs. at 1. Based on the record as it appeared before Judge Pollak, there was evidence of a substantial breakdown in plaintiff's relationship with his attorney and no evidence that counsel had done anything that would disqualify him from receiving a charging lien. Therefore, I adopt Judge Pollak's finding that granting counsel a charging lien against any settlement or award that plaintiff might receive is appropriate.

I also adopt Judge Pollak's finding that the Court lacks sufficient information to determine how much of a potential recovery counsel may be entitled to. *See* R & R at 3. If counsel wishes to provide the information necessary to determine the correct percentage "on the basis of *quantum meruit*," he may direct such a motion to Magistrate Judge Pollak. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y 2010). Plaintiff would then be free to request an evidentiary hearing or submit evidence in opposition to counsel's motion.

---

[5] Under New York law, an "attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come." N.Y. Judiciary Law § 475 (McKinney). "By its terms, a charging lien attaches to the client's ultimate recovery in the [original] case." *McDermott v. Great Am. All. Ins. Co.*, No. CIVA5:02-CV-0607 (NAM) (DEP), 2006 WL 2038452, at *3 (N.D.N.Y. July 18, 2006) (internal citation omitted).

[6] Counsel relinquishes his right to assert a charging lien "only when the attorney is terminated by the client for cause, or withdraws without proper justification." *McDermott*, 2006 WL 2038452, at *3.

[7] Although plaintiff did not raise the issue of notice with regard to counsel's motion to withdraw, the Court notes that plaintiff filed a motion in the Second Circuit requesting that his appeal be held in abeyance while this Court considered his application for release of trial transcripts. *See* ECF No. 294. Plaintiff's request for the release of trial transcripts was contained within his attorney's motion to withdraw. *See* Pl.'s Mot. at 2–3. Therefore, the Court is satisfied that plaintiff had notice of his attorney's motion to withdraw.

## CONCLUSION

I adopt Judge Pollak's R & R, dated November 9, 2017 in its entirety. Counsel's motion to withdraw as plaintiff's attorney and his request for a charging lien against any settlement or award that plaintiff might receive in pursuing post-verdict remedies is granted. Plaintiff's motion to release the trial transcripts free of charge is denied without prejudice.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated: December 22, 2017
       Brooklyn, New York